

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1687-07

---

**DANIEL REY, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HALE COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

The court uses language found in the injury-to-a-child statute to define terms found in the child-abandonment statute.  The problem with this approach is that, given that the language in question is in the wrong statute, the Court's analysis does not comport with the requirements of *Boykin v. State*.[1]

Appellant was charged with child abandonment under Texas Penal Code §22.041, providing in relevant part: "A person commits an offense if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the

---

[1]  818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

child to an unreasonable risk of harm."[2]  To define "custody, care, or control," the Court relies upon language found in a different section, §22.04, that codifies a different offense, injury to a child.[3]  This language, found in §22.04(d), refers only to other parts of §22.04:

> *For purposes of an omission that causes a condition described by Subsection (a)(1), (2), or (3)*, the actor has assumed care, custody, or control if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child, elderly individual, or disabled individual.[4]

No language in §22.04 provides for the operation of §22.04(d) outside of §22.04.[5]  The child-abandonment statute, §22.041, makes no reference to §22.04(d).[6]  Nor, as far as I am aware, does any other statute indicate that §22.04(d) applies in prosecutions for child abandonment under §22.041.

Without some express language relating §22.04(d) to prosecutions under §22.041, one cannot reasonably say, under *Boykin v. State*,[7] that §22.04(d) *unambiguously* applies to prosecutions under §22.041.  It is not enough to say that §22.04 and §22.041 are immediately adjacent to each other in the Penal Code and that the numbering of the sections is only one digit off.  The same could be said, for example, of the offenses of aggravated assault and aggravated sexual assault, found in §22.02 and §22.021 respectively.

---

[2] T EX. PENAL CODE §22.041(b).

[3]  *See Id.*, §22.04(d) and §22.04, *passim*.

[4]  *Id.*, §22.04(d)(emphasis added).

[5]  *See id.*, §22.04, *passim*.

[6]  *See id.*, §22.041, *passim*.

[7]  818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

To muddle matters further, although §22.04 and §22.041 use the same words, they are presented in a different order: §22.04(d) refers to "care, custody, or control" while §22.041(b) refers to "custody, care, or control." If the Legislature intended the definition of a phrase found in one statute to apply in a different statute, one would expect the appearance of the phrase in both statutes to be identical.

It should also be observed that §22.041(b), the child-abandonment statute, predates §22.04(d). The child-abandonment statute was enacted in 1985, and the language of subsection (b) has remained unchanged since then.[8] Although the injury-to-a-child statute was originally enacted with the Penal Code in 1974,[9] it was not until 1989 that a version of the subsection (d) language relating to the meaning of "care, custody, or control" was first added.[10] Because the injury-to-a-child provision is the newer provision, one cannot contend that the Legislature had it in mind when it enacted the older, child-abandonment provision. And had the Legislature intended the newer provision to apply to the older provision, it could have easily said so.

I concur in the Court's decision to reverse the judgment of the court of appeals and remand for further proceedings, but I disagree with the Court's decision to require the court of appeals to consider the case under the particular standard articulated by the Court.

Filed: April 1, 2009
Publish

---

[8] *See* Acts 1985, 69th Leg., ch. 791, §1; TEX. PENAL CODE §22.041(b)(West 1985).

[9] *See* TEX. PENAL CODE §22.04 (Vernon's 1974).

[10] *See* Acts 1989, 71st Leg., ch 357, §1; TEX. PENAL CODE §22.04(d)(West 1990).